177 P.3d 382

**Robin ROW, Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

No. 31962.

Supreme Court of Idaho,
Boise, December 2007 Term.

Jan. 25, 2008.

Joan M. Fisher, Federal Defenders of Eastern Washington and Idaho, Moscow, for appellant.

Hon. Lawrence G. Wasden, Attorney General, L. LaMont Anderson, Deputy Attorney General, Boise, for respondent.

EISMANN, Chief Justice.

This is an appeal from the dismissal of a successive petition for post-conviction relief. Because the petitioner did not show that the alleged new evidence could not reasonably have been known within forty-two days after entry of the judgment imposing the death sentence and because the alleged new evidence does not cast doubt on the reliability of the conviction or sentence, we dismiss the appeal.

## I. FACTS AND PROCEDURAL HISTORY

On March 5, 1993, Robin Row (Row) was found guilty by a jury of aggravated arson and three counts of murder in the first degree for killing her husband and two minor children by setting their apartment on fire while they slept. On December 16, 1993, Row was sentenced to death, and she timely appealed her convictions and death sentence. On March 17, 1994, Row filed a petition for post-conviction relief alleging that her trial counsel was ineffective. The district court dismissed the petition, and Row timely appealed. Both appeals were consolidated, and this Court upheld Row's convictions and death sentence and the dismissal of her petition for post-conviction relief. *State v. Row*, 131 Idaho 303, 955 P.2d 1082 (1998).

Row later brought a second petition for post-conviction relief. The trial court dismissed that petition, and Row timely appealed. Because Appellant had failed to show that the issues raised in her second petition were excluded from the operation of Idaho Code § 19–2719, we granted the State's motion to dismiss her appeal. *Row v. State*, 135 Idaho 573, 21 P.3d 895 (2001).

On August 5, 2002, Row filed a third petition for post-conviction relief based upon the United States Supreme Court's opinion in *Ring v. Arizona*, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002). While that petition was still pending in the district court, Row filed her fourth petition alleging that a deputy prosecuting attorney committed misconduct by withholding material evidence in violation of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). The evidence allegedly withheld was that the deputy prosecuting attorney and a sheriff's detective were present when one of Row's friends recorded a telephone conversation with Row. It was disclosed during Row's

criminal case that the friend was acting as an agent of law enforcement and had recorded telephone calls with Row at the detective's request, but Row contends the deputy prosecuting attorney wrongfully withheld the fact that he and the detective were actually present in the friend's house when Row's friend recorded one of the telephone conversations.

The district court consolidated Row's third and fourth petitions for post-conviction relief. It denied the third petition on the ground that the United States Supreme Court held in *Schriro v. Summerlin*, 542 U.S. 348, 124 S.Ct. 2519, 159 L.Ed.2d 442 (2004), that the *Ring* opinion was not to be applied retroactively. It likewise denied the fourth petition on the ground that there was no *Brady* violation because there was no evidence that the facts allegedly withheld would have undermined the outcome of Row's criminal trial. Row timely appealed both rulings.

On February 21, 2006, the State moved to dismiss Row's appeal pursuant to Idaho Code § 19–2719. After the parties briefed the motion, this Court dismissed Row's appeal involving the *Ring* opinion (her third petition) and ordered that the appeal involving the *Brady* issue (her fourth petition) would be set for briefing and oral argument. The parties later submitted their appellate briefs on the merits of that appeal but waived oral argument.

## II. ANALYSIS

■ Row contends that the State wrongfully withheld information that a deputy prosecuting attorney and a sheriff's detective were present at Joan McHugh's residence on March 20, 1992, when she recorded a telephone conversation with Row. The issue is whether Row's appeal should be dismissed pursuant to Idaho Code § 19–2719 either because that information should have been known within forty-two days after the filing of Row's judgment of conviction or because the information would not cast doubt on the reliability of her conviction or sentence.

Row asserts that by denying the State's motion to dismiss, we have implicitly ruled that her appeal is not subject to dismissal under Idaho Code § 19–2719. That argument is incorrect. We did not deny the State's motion to dismiss Row's appeal of the dismissal of her fourth petition for post-conviction relief. The order stated:

IT IS HEREBY ORDERED that the MOTION TO DISMISS APPEAL be, and hereby is, GRANTED as to the issues related to *Ring v. Arizona*, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002).

IT IS FURTHER ORDERED that the remaining issues related to *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), be, and hereby are, scheduled for briefing and Oral Argument.

The order did not state that the motion to dismiss was denied with respect to the appeal raising an issue under *Brady v. Maryland.* The order simply stated that that issue would be scheduled for briefing and oral argument. We desired briefing and argument on the merits to make certain that the appeal would not be wrongly dismissed.

When faced with a motion to dismiss an appeal pursuant to Idaho Code § 19–2719, "the proper standard of review this Court should utilize is to directly address the motion, determine whether or not the requirements of section 19–2719 have been met, and rule accordingly." *Creech v. State*, 137 Idaho 573, 575, 51 P.3d 387, 389 (2002). Addressing that issue requires a more detailed review of Row's arguments and the facts.

Prior to the trial in her criminal case, Row received a copy of the written report of the sheriff's detective who had prevailed upon McHugh to record telephone calls from Row. His report has three entries regarding those calls.

The first entry reported that on February 14, 1992, McHugh agreed to begin recording any telephone calls she received from Row. It stated that the detective received numerous tapes, and that the recordings and telephone conversations stopped on March 20, 1992.

The second entry said that on March 18, 1992, the detective asked McHugh to lie and tell Row that at about 3:30 a.m. on the morning of the fire McHugh awakened, went downstairs, and discovered that Row was not there. When Row called later that day, McHugh did as the detective had suggested,

and Row responded that she could not remember what she might have been doing during that time.

The third entry records what occurred on March 20, 1992, with respect to the recording of Row's telephone calls. The report states:

On 3–20–92 at 1300 hours Ada County Sheriff Vaughn Killeen and Ada County Prosecuting Attorney Greg Bower held a press conference to announce that charges had been filed against Row. I later learned that Robin was aware of this press conference prior to it being convened, and at approximately 1300 hours (the same time as the press conference) Robin telephoned Joan at her house. Robin seemed to be very upset and was crying about the fact that murder charges were being filed against her. The conversation continued for some time, and during the conversation, Joan again asked Robin where she was at when she left her apartment. At this time, Robin said she had been upset and had called her psychiatrist, who came to the street outside Joan's apartment. Robin claimed she and her psychiatrist sat out in her psychiatrist's car for approximately 25 minutes and talked. Robin said she had been embarrassed to say she had needed a psychiatrist and that's why she hadn't said anything previously. Robin also told Joan not to say anything about this. The conversation was interrupted a short time later.

At 1405 hours Robin telephoned Joan again. This time Robin was calm and, per my instructions, Joan reiterated with Robin that her claim was the psychiatrist had come to Joan's house and they had talked in the car during the time of the fire. Robin confirmed this was what happened and Joan then pointed out to her that the psychiatrist would be an alibi witness for her. Robin did not seem enthused about the fact that she would have an alibi and refused to tell her psychiatrist's name. It did become apparent that Robin thought the investigation showed the fire started around 4:30. The conversation was again interrupted and, later that evening when Robin called again, Joan advised her of her cooperation with me in the investigation.

Prior to the trial in her criminal case, Row knew that her friend McHugh had recorded various telephone conversations with Row while acting as an agent of law enforcement. In fact, she unsuccessfully sought to suppress the recordings of the telephone calls because McHugh was acting as an agent of law enforcement during the telephone calls and did not give Row her *Miranda* rights. When denying the motion to suppress, the trial court in Row's criminal case stated, "The fact that this friend was a witting or unwitting agent of the police is, under this scenario, constitutionally irrelevant." The relevant scenario was that although Row was in custody, she voluntarily made the telephone calls to her friend without knowing that the friend was cooperating with law enforcement.

The detective's report mentions three telephone calls from Row to McHugh on March 20, 1992. Row contends that until recently she did not know that the deputy prosecuting attorney and sheriff's detective were actually present in McHugh's apartment when the second of those telephone calls was recorded on March 20, 1992. According to Row, this evidence is significant because it would show that the detective was engaged in a conversation with McHugh while she was actively eliciting incriminating statements from Row and that McHugh was not acting as Row's good friend.

The first telephone call from Row was at about 1:00 p.m. During that conversation, Row for the first time told McHugh the story about leaving McHugh's apartment during the night of the fire to talk with her psychiatrist. The second telephone call from Row was about an hour later. The detective states in his report with respect to that telephone call, "This time Robin was calm and, *per my instructions,* Joan reiterated with Robin that her claim was the psychiatrist had come to Joan's house and they had talked in the car during the time of the fire." (Emphasis added.)

It is obvious from the detective's report that he and McHugh communicated between the first and second telephone calls. Otherwise, he could not have instructed McHugh to have Row confirm her story about talking

with the psychiatrist at about 3:30 a.m. on the morning of the fire. The strong inference from the report is that he was present at McHugh's during the second call in order for him to instruct her what to say. At a minimum it shows that they were in close communication on March 20, 1992.

Idaho Code § 19–2719(5)(a) requires dismissal of a successive petition for post-conviction relief if the petitioner fails to show that the issues raised could not reasonably have been known within forty-two days after entry of the judgment imposing the death sentence. If Row was concerned that the detective was communicating with McHugh and telling her what to say during the telephone calls, the detective's written report provided that information. If Row was concerned that McHugh was acting as an agent of law enforcement and not as her friend, the report provided that information. Considering the information in the report, and the most obvious inferences to be drawn from that information, Row had sufficient information to inquire further as to the conversations between the detective and McHugh, including when and where those conversations occurred. Row has failed to show that she could not reasonably have known within forty-two days after entry of the judgment imposing her death sentence that the detective was in close communication with McHugh, that he instructed her what to say during the telephone calls, that he was present at McHugh's apartment during the second telephone call on March 20, 1992, and that McHugh was acting as an agent for law enforcement and not as Row's friend. Therefore, this appeal must be dismissed pursuant to Idaho Code § 19–2719(5)(a).

■ Idaho Code § 19–2719(5)(b) requires dismissal of a successive petition for post-conviction relief if the allegations in the petition would not cast doubt on the reliability of the conviction or sentence. Row contends that the prosecution's failure to disclose that the sheriff's detective and deputy prosecuting attorney were present at McHugh's apartment during the second telephone call on March 20, 1992, also constitutes the wrongful withholding of exculpatory evidence in violation of *Brady v. Maryland,* 373 U.S.

83, 87, 83 S.Ct. 1194, 1196, 10 L.Ed.2d 215, 218 (1963), and its progeny. In *McKinney v. State,* 133 Idaho 695, 706, 992 P.2d 144, 155 (1999) (citations omitted), we summarized the law regarding *Brady* violations as follows:

The due process guarantees of the Fifth and Fourteenth Amendments to the United States Constitution mandate that the prosecution disclose exculpatory evidence in the government's possession to an accused person. The duty to disclose is irrespective of good or bad faith on the prosecution's part.

The defendant's right to due process is violated where the prosecution fails to disclose exculpatory evidence that is material either to guilt or punishment. Evidence is material for purposes of due process analysis "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." The prosecution does not violate the constitutional duty of disclosure unless the nondisclosure "is of sufficient significance to result in the denial of the defendant's right to a fair trial." "[T]he question is whether 'the favorable evidence could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict.'" Whether evidence is material for purposes of due process analysis is a question of law, over which this Court exercises free review.

The evidence allegedly wrongfully withheld in the instant case was not material. Row knew prior to trial from the detective's report that McHugh was cooperating with law enforcement to obtain incriminating statements from Row and that McHugh had lied to Row at the detective's request and had followed the detective's instructions to have Row reiterate her story about talking with her psychiatrist at 3:30 a.m. on the morning of the fire. Whether the sheriff's detective was present in McHugh's apartment when he instructed McHugh to have Row reiterate her alleged alibi or whether he communicated those instructions to McHugh in some other manner is irrelevant. It does not change any analysis of any issues in the case. Evidence that the detective and the deputy

prosecutor were present in McHugh's apartment during the second telephone call on March 20, 1992, simply has no significance. There is no reasonable probability that had such evidence been disclosed, the result of the trial or sentencing would have been different. Because this allegedly withheld evidence would not cast doubt on the reliability of Row's conviction or sentence, this appeal must also be dismissed pursuant to Idaho Code § 19–2719(5)(b).

### III. CONCLUSION

For the reasons stated herein, this appeal is dismissed.

Justices BURDICK, J. JONES, W. JONES and Justice Pro Tem TROUT concur.