# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 50540

ROBIN LEE ROW,

    Petitioner-Appellant,

v.

STATE OF IDAHO,

    Respondent.

)
)
)
)
)
)
)
)
)
)

Boise, May 2025 Term

Opinion filed: September 4, 2025

Melanie Gagnepain, Clerk

Appeal from the District Court of the Fourth Judicial District of the State of Idaho, Ada County. Derrick O'Neill, District Judge.

The judgment of the district court is <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender, Boise, for Appellant. Garth McCarty argued.

Raúl R. Labrador, Idaho Attorney General, Boise, for Respondent. L. LaMont Anderson argued.

_____

MOELLER, Justice.

Robin Lee Row was sentenced to death in 1993 for murdering her husband and two children in their sleep on February 10, 1992. Over the next 30 years, Row filed five petitions for post-conviction relief in state court and two federal habeas corpus claims, all of which were unsuccessful. Row has now filed a sixth petition for post-conviction relief. The district court dismissed Row's petition as untimely under Idaho Code section 19-2719, which states that post-conviction petitions must be filed "[w]ithin forty-two (42) days of the filing of the judgment imposing the punishment of death" for "any legal or factual challenge to the sentence or conviction that is known or reasonably should be known."

On appeal, Row contends that her petition was timely under Idaho Code section 19-2719. Row asserts that her trial counsel were ineffective when they represented her at sentencing due to their failure to investigate and present mitigating evidence she alleges would have demonstrated that she had brain damage at the time of the murders. Moreover, she maintains that she received ineffective representation from post-conviction counsel in her first post-conviction relief

1

proceeding. In Row's view, this fact excuses her failure to raise the brain damage claims in her first post-conviction petition, notwithstanding the statutory requirement for her to do so. Thus, because she contends that her original post-conviction attorneys were ineffective, Row argues that she should be given another opportunity to prove that her trial counsel were ineffective during her original sentencing in 1993.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Like most death penalty cases, this matter has a long and complicated procedural history. On March 5, 1993, an Ada County jury found Row guilty of aggravated arson and three counts of first-degree murder for killing her husband, Randy, and their two minor children, Joshua (age 10) and Tabitha (age 8), by setting their apartment on fire while they slept. *State v. Row* (*Row I*), 131 Idaho 303, 306, 955 P.2d 1082, 1085 (1998). At the time of the fire, Row was staying with a friend due to marital issues with her husband. *Id.*

A fire crew discovered the bodies of her husband and children, and the coroner later ascertained that they had died of carbon monoxide poisoning. *Id.* Fire investigators determined that a liquid accelerant had been used to start the fire, that smoke detectors had been disabled before the fire started, and that the power to the upstairs had been severed at the circuit breaker, all of which prevented the victims from being alerted to the fire. *Id.* Further investigation revealed that over a decade earlier, two of Row's other children had died under suspicious circumstances: a daughter who died of Sudden Infant Death Syndrome in 1977, and a son who died in a house fire in 1980. *Id.* Additionally, the police discovered six insurance policies held by Row in the names of the three murdered victims, all of which named Row as the beneficiary and provided a total of $276,500 in death benefits. *Id.* Row had obtained the most recent policy just 17 days prior to the fatal fire. *Id.* Following a sentencing hearing, the district court sentenced Row to death.

Row filed a notice of appeal and a petition for post-conviction relief. *Id.* The two attorneys that represented Row during her trial and sentencing withdrew, and two new attorneys were appointed to represent her on the appeal and in her post-conviction proceedings. *Row v. State* (*Row II*), 135 Idaho 573, 576, 21 P.3d 895, 898 (2001). In her post-conviction petition, Row raised numerous ineffective assistance of trial counsel claims under various theories, including a claim that her trial counsel had failed to sufficiently investigate and present mitigating evidence at her sentencing. *Row I*, 131 Idaho at 306–07, 955 P.2d at 1085–86. However, Row did *not* raise a claim that her trial counsel failed to investigate and present mitigating evidence showing that she had

brain damage. Following an evidentiary hearing, the district court denied post-conviction relief on the claims that were raised. *Id.* at 307, 955 P.2d at 1086.

When the case was appealed to this Court in 1998, we highlighted the district court's findings pertaining to Row's ineffective assistance of counsel claim:

> [T]he district court held that trial counsel completed ordinary and reasonable discovery, sifting through volumes of documents, reports, and evaluations. The district court noted that "the fact that counsel could have done *more* does not mean that they did not do *enough*." The district court held that it took into consideration every facet of background information in one form or another, and that Row failed to put forth any new or additional evidence which would have impacted the district court's decision.

*Id.* at 313, 955 P.2d at 1092. This Court affirmed the district court's dismissal of Row's first post-conviction petition, concluding "that counsel did go to great lengths to present evidence from several of Row's friends, Health and Welfare records from the state of California, letters from friends and family, and Veteran's Administration records concerning her husband's previous injuries and the couple's relationship." *Id.* This Court stated that "[c]ounsel was not required to investigate Row's entire life in order to objectively and reasonably present Row's mitigation evidence. Trial counsel's decisions concerning Row's mental health and her allocution statement were strictly strategic and shall not be second-guessed by this Court." *Id.* Finally, this Court noted that "Row has failed to provide a record of any evidence which was not presented by trial counsel, thus failing to show any prejudice." *Id.*

In 1999, Row filed her first habeas claim in federal court; however, that case was stayed pending the outcome of her first successive post-conviction petition in state court, which she also filed in 1999. *See Row v. Beauclair*, No. CV-98-240-S-BLW, 2008 WL 4192063, at *1 (D. Idaho Sept. 8, 2008); *Row II*, 135 Idaho at 576, 21 P.3d at 898. That successive petition alleged many new ineffective assistance of trial counsel claims, including—for the first time—that trial counsel was ineffective "for failing to adequately investigate Row's alleged brain damage." *Row II*, 135 Idaho at 578, 21 P.3d at 900. Row made these new claims despite Idaho Code section 19-2719's requirement that capital defendants must raise all claims that were known, or reasonably knowable, in the first petition for post-conviction relief. *See* I.C. § 19-2719. In recognition of this requirement, Row also asserted that her prior post-conviction counsel were ineffective. *Row II*, 135 Idaho at 578, 21 P.3d at 900. In her view, this excused her failure to raise the brain damage claim in her first petition for post-conviction relief.

3

On appeal, this Court addressed Row's ineffective assistance of post-conviction counsel claim, stating that, under Idaho Code section 19-2719, "the ineffectiveness of counsel in a prior post-conviction proceeding is not a ground for relief in a subsequent post-conviction proceeding." *Id.* This Court also determined that Row had failed to meet the statutory requirements for bringing new ineffective assistance of trial counsel claims, as she had failed to show that they "were not known or could not reasonably have been known at the time she filed her first petition for post-conviction relief." *Id.*; *see* I.C. § 19-2719. Thus, this Court dismissed Row's successive petition. *Row II*, 135 Idaho at 578, 580, 21 P.3d at 900, 902.

Row then filed a second amended petition for habeas corpus relief in federal court, raising numerous claims. *See Row v. Beauclair*, No. CV-09-0240-S-BLW, 2007 WL 683792, at *1 (D. Idaho Mar. 2, 2007). She again asserted ineffective assistance of trial counsel claims, including allegations that her trial attorneys had failed to investigate and present mitigation evidence. *See id.* at *3–5. While her federal habeas case was pending, Row filed her third post-conviction petition in state court based on the United States Supreme Court decision in *Ring v. Arizona*, 536 U.S. 584 (2002), which held that statutory aggravating factors must be found by a jury, not by a judge. *Row v. State* (*Row III*), 145 Idaho 168, 169, 177 P.3d 382, 383 (2008). While that petition was pending, Row filed her fourth post-conviction petition, alleging that the prosecutor withheld exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). *Id.* at 169–70, 177 P.3d at 383–84. These two successive post-conviction petitions were consolidated, and the district court subsequently denied both petitions. *Id.* at 170, 177 P.3d at 384.

This Court dismissed Row's appeal of her third and fourth petitions for post-conviction relief, concluding that she failed to demonstrate that the *Brady* claim could not have been known when the first post-conviction petition was filed. *Id.* at 172–73, 177 P.3d at 386–87. Likewise, the Court determined that Row failed to show that the allegedly withheld evidence would have cast doubt on the reliability of her conviction or sentence, both of which were requirements under Idaho Code section 19-2719. *Id.* Additionally, this Court rejected Row's claims under *Ring*, holding that the principles established in that decision did not retroactively apply to cases on collateral review. *Id.* at 170, 177 P.3d at 384; *see also Schriro v. Summerlin*, 542 U.S. 348, 358 (2004).

Row returned to federal court to pursue her second habeas action. There, the State argued that several of Row's ineffective assistance of trial counsel subclaims were procedurally

defaulted.[1] *Row*, 2007 WL 683792, at *3, *5. The federal district court agreed and dismissed several subclaims that were either raised in Row's second post-conviction petition or were never raised before this Court. *Id.* at *17. The federal district court also dismissed Row's ineffective assistance of post-conviction counsel claims, as Row did not have a federal constitutional right to the effective assistance of counsel during state post-conviction proceedings; thus, she was not entitled to federal habeas relief on that basis. *Id.* at *5. However, the federal district court did not dismiss the ineffective assistance of trial counsel subclaims that alleged her trial counsel had failed to conduct a reasonable investigation into mitigation evidence. *Id.* at *5–6. The federal district court later declined to grant Row an evidentiary hearing and ultimately dismissed her remaining habeas claims. *Row v. Beauclair*, No. 1:98-cv-00240-BLW, 2011 WL 3837303, at *24–25 (D. Idaho Aug. 29, 2011).

In 2008, Row filed a fifth petition for post-conviction relief and motions to correct illegal sentences, to vacate sentences of death, and for a new sentencing trial. The federal district court dismissed that petition in 2011, and Row did not appeal. *See id.* at *31.

Further developments in federal habeas corpus law continued to spawn new actions by Row. In 2012, the United States Supreme Court issued its decision in *Martinez v. Ryan*, holding that:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

566 U.S. 1, 17 (2012). As a result, Row filed a motion to alter or amend the federal district court's judgment in her second habeas claim. *Row v. Miller*, 591 F. Supp. 3d 778, 782 (D. Idaho 2021). While that motion was pending, the Ninth Circuit issued *Dickens v. Ryan*, 740 F.3d 1302 (9th Cir. 2014) (en banc), *abrogated by Shinn v. Ramirez*, 596 U.S. 366 (2022), *as recognized in Hampton v. Shinn*, 143 F.4th 1047 (2025), which held that an inadequately supported claim, decided on the merits by a state court, could become a new procedurally defaulted claim in federal court if the petitioner provided new evidence that changed the factual basis of the claim such that it resulted

---

[1] In federal court, a procedural default occurs in two instances. First, when "petitioner has not fairly presented a habeas claim to the state courts, and it is now clear that the claim would be barred by a state procedural rule, the claim has been procedurally defaulted." *Row*, 2007 WL 683792, at *2 (citing *Gray v. Netherland*, 518 U.S. 152, 161–62 (1996)). Second, "a constitutional claim is also defaulted when the state court expressly denied or dismissed it after invoking a state procedural bar." *Id.* (citing *Coleman v. Thompson*, 501 U.S. 722, 729–30 (1991)).

in a "fundamentally altered" claim. In light of *Martinez* and *Dickens*, the federal district court granted Row an evidentiary hearing based on three of her ineffective assistance of trial counsel subclaims, but limited the scope of the hearing to the issue of organic brain dysfunction. *Row*, 591 F. Supp. 3d at 782.

After the evidentiary hearing, the federal district court concluded that Row had met her *preliminary* burden of demonstrating that the three subclaims were "substantial" under *Martinez*, and that her post-conviction counsel was ineffective. It "preliminarily conclude[d]" that Row would prevail on the merits of the three subclaims. *Id.* at 782–83. However, the district court refrained from proceeding further and ruling on the merits of Row's subclaims while it awaited the results of a pending United States Supreme Court case, which pertained to the authority of federal district courts to hold separate evidentiary hearings on habeas claims.

The United States Supreme Court then issued its opinion in *Shinn v. Ramirez* in 2022, which held that federal courts generally could not consider new evidence for the purposes of a *Martinez* claim and were instead bound by the evidence introduced in prior state court proceedings. 596 U.S. 366, 380–82 (2022). The Supreme Court held that "a federal habeas court may not conduct an evidentiary hearing or otherwise consider evidence beyond [what was produced in state court] based on ineffective assistance of state postconviction counsel." *Id.* As a result, the district court reconsidered its prior, preliminary decision and concluded that, based on the evidence it could properly consider under *Shinn* (i.e., only the state court record), Row had failed to meet her burden of establishing prejudice. *Row v. Miller*, No. 1:98-cv-00240-BLW, 2023 WL 2744409, *12–29 (D. Idaho Mar. 31, 2023). As a result, the federal district court dismissed Row's remaining ineffective assistance of counsel sentencing claims.[2] *Id.* at *29.

In response to *Shinn*, and while her habeas claim was still pending in federal court, Row filed her sixth petition for post-conviction relief in the state district court, raising ineffective assistance of trial counsel claims based on the failure of her trial counsel to investigate and present mitigation evidence related to Row's alleged brain damage. Notably, as with Row's other ineffective assistance of trial counsel claims that pertained to her sentencing, none of the claims raised in Row's sixth petition alleged that Row was actually innocent. Instead, Row only challenged her sentence of death. The State filed a motion for immediate summary dismissal of

---

[2] Row's appeal in that case is pending with the United States Court of Appeals for the Ninth Circuit as of the issuance of this opinion. *See Row v. Clement*, No. 23-99004 (9th Cir. filed Apr. 24, 2023).

Row's successive petition, asserting that it was untimely under Idaho Code section 19-2719 because the claims were known or reasonably could have been known when Row filed her first petition for post-conviction relief in 1994. In response, Row argued that *Shinn* constituted a "triggering event" that restarted the clock for her to file a timely post-conviction petition.[3] After hearing argument, the district court granted the State's motion to dismiss and struck all the exhibits Row included in her petition. After Row sought reconsideration of the decision, the district court reaffirmed its decision to dismiss Row's petition as untimely but rescinded its order striking the exhibits. Row then appealed to this Court.

## II. STANDARD OF REVIEW

"Whether a successive petition for post-conviction relief was properly dismissed pursuant to [Idaho Code section] 19-2719 is a question of law," which this Court reviews de novo. *Dunlap v. State*, 159 Idaho 280, 292, 360 P.3d 289, 301 (2015) (quoting *Fields v. State*, 154 Idaho 347, 349, 298 P.3d 241, 243 (2013)). If a petition for post-conviction relief is untimely sought under Idaho Code section 19-2719, then it "must be dismissed summarily." *Row II*, 135 Idaho at 576, 21 P.3d at 898.

## III. ANALYSIS

This appeal simply asks us to determine whether we can address the claims raised in Row's sixth petition for post-conviction relief, or whether Idaho's strict time limitations bar us from considering her claim. Thus, this case implicates the special appellate and post-conviction procedures governing capital cases set forth in Idaho Code section 19-2719. *See Fields v. State*, 151 Idaho 18, 23, 253 P.3d 692, 697 (2011). To better understand these procedures, a brief explanation is warranted.

### A. Post-conviction proceedings in Idaho capital cases.

In Idaho, all post-conviction proceedings are civil in nature and governed by the Uniform Post-Conviction Procedure Act (UPCPA) and the Idaho Rules of Civil Procedure. *Pizzuto v. State*, 127 Idaho 469, 470, 903 P.2d 58, 59 (1995); I.C. § 19-4901. However, in capital cases, Idaho Code section 19-2719 modifies and "supersedes the UPCPA to the extent that their provisions conflict." *McKinney v. State*, 133 Idaho 695, 700, 992 P.2d 144, 149 (1999). Idaho Code section 19-2719 "provides special procedures to eliminate 'unnecessary delay in carrying out a valid death

---

[3] After the appointment of the State Appellate Public Defender, Row filed an amended petition as a matter of right, incorporating all previously submitted affidavits.

sentence' " and requires that "[a]ny remedy available by post-conviction procedure, habeas corpus or any other provision of state law must be pursued according to the procedures" and "time limitations" it provides. *Id.* (alteration in original) (quoting I.C. § 19-2719).

The time limitation for bringing a post-conviction challenge in a capital case pursuant to Idaho Code section 19–2719 requires that "the defendant must raise all claims for post-conviction relief that are known or reasonably should be known in one post-conviction proceeding filed within forty-two days after the entry of the judgment imposing the death sentence." *Row v. State* (*Row II*), 135 Idaho 573, 576, 21 P.3d 895, 898 (2001) (citing I.C. § 19-2719). Importantly, "[t]he failure to do so constitutes a waiver of those claims" *Id.* (first citing *McKinney*, 133 Idaho at 700, 992 P.2d at 149; and then citing I.C. § 19-2719). Idaho Code section 19-2719 only allows for one narrow exception: "in those unusual cases where it can be demonstrated that the issues raised were not known and[4] reasonably could not have been known within the time frame allowed by the statute[,]" a capital defendant has the ability to file a successive petition outside of the original forty-two-day period. *State v. Rhoades*, 120 Idaho 795, 807, 820 P.2d 665, 677 (1991). However, even claims that were not known or reasonably could not have been known within forty-two days of the judgment, still "must be asserted within a reasonable time after they are known or reasonably could have been known." *Paz v. State*, 123 Idaho 758, 760, 852 P.2d 1355, 1357 (1993). A capital defendant who brings a successive petition has a "heightened burden and must make a *prima facie* showing that issues raised in that petition fit within the narrow exception provided by the statute." *Creech v. State*, 137 Idaho 573, 575, 51 P.3d 387, 389 (2002).

Thus, we have consistently held that Idaho Code section 19-2719 gives a defendant "one opportunity to raise all challenges to the conviction and sentence in a petition for post-conviction relief. . . ." *Rhoades*, 120 Idaho at 807, 820 P.2d at 677. A capital defendant who fails to assert a claim that was known or reasonably could have been known within forty-two days of the filing of the judgment imposing the death penalty, is deemed to have waived that claim and the courts have no power to hear it—the claim is time-barred. I.C. § 19-2719(3)–(6). "This Court has strictly construed the waiver provision of [Idaho Code section] 19-2719." *McKinney*, 133 Idaho at 701, 992 P.2d at 150. Based on this framework, we now examine Row's arguments on appeal.

---

[4] We note that while *Rhoades* uses the conjunction "and," Idaho Code section 19-2719 says "or," thereby making the statutory standard disjunctive.

8

**B. The district court did not err in summarily dismissing Row's petition as untimely under Idaho Code section 19-2719.**

In her first post-conviction petition, Row did not raise an ineffective assistance of trial counsel claim related to the failure of trial counsel to address her alleged brain damage. In 1999, when Row first attempted to raise those claims in a successive petition for post-conviction relief, this Court held that they were waived pursuant to the time limitations of Idaho Code section 19-2719. *Row II*, 135 Idaho at 578, 580, 21 P.3d at 900, 902. This Court denied Row's successive petition because she failed to show that her claims that her trial counsel was ineffective "were not known and could not reasonably have been known at the time she filed her first petition for post-conviction relief." *Id.* at 578, 21 P.3d at 900; *see also Rhoades*, 120 Idaho at 807, 820 P.2d at 677 ("Ineffective assistance of counsel is one of those claims that should be reasonably known immediately upon the completion of the trial and can be raised in a post-conviction proceeding."). The Court further explained that ineffective assistance of her post-conviction counsel "is not a ground for relief in a subsequent post-conviction proceeding." *Row II*, 135 Idaho at 578, 21 P.3d at 900 (first citing *McKinney*, 133 Idaho 695, 992 P.2d 144; and then citing *Lee v. State*, 122 Idaho 196, 832 P.2d 1131 (1992)).

Row now brings her sixth petition for post-conviction relief, making several new arguments and asking this Court to interpret Idaho Code section 19-2719 in a novel way so that she may be allowed another chance to litigate these same brain damage-related claims in state court. We will address each argument in turn.

*1. The United States Supreme Court's decision in* Shinn v. Ramirez *was not a triggering event that restarted the time for Row to file a petition under Idaho Code section 19-2719.*

In her opening brief, Row argues that her petition was timely, despite being filed nearly 30 years after the judgment imposing the death penalty, because the United States Supreme Court's decision in *Shinn v. Ramirez*, 596 U.S. 366 (2022), acted as a triggering event that restarted the time for Row to seek relief under Idaho Code section 19-2719. Importantly, both sides acknowledge that we recently rejected this same argument in *Creech v. State* (*Creech 2024*), 173 Idaho 464, 468, 543 P.3d 494, 498 (2024), holding that *Shinn* did not constitute a triggering event to allow capital defendants to file a new post-conviction petition in state court. In fairness to Row, we note that *Creech 2024* was decided during the pendency of her appeal.

As we explained in *Creech 2024*, *Shinn* interpreted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) as prohibiting "federal habeas court[s] from conducting an evidentiary hearing or otherwise considering evidence beyond what was produced in state court based on ineffective assistance of state post-conviction counsel." *Creech 2024*, 173 Idaho at 468, 543 P.3d at 498 (citing *Shinn*, 596 U.S. at 382).[5] Prior to *Shinn*, this was not the rule. In such cases, federal courts were permitted to conduct evidentiary proceedings to explore factual questions beyond the state court record. Thus, in Row's habeas case, the federal district court initially conducted an evidentiary hearing on her ineffective assistance of trial counsel claims. *See Row v. Miller*, No. 1:98-cv-00240-BLW, 2023 WL 2744409, at *1 (D. Idaho Mar. 31, 2023). However, this occurred before it was required to disregard that evidence when *Shinn* was issued. *Id.* at *1–2.

On appeal to this Court, Row argues that she relied on the legal framework for federal habeas proceedings that existed prior to *Shinn* to diligently pursue the factual development of her claims in federal court, as opposed to state court. For this reason, she claims her only option was to file a sixth petition for post-conviction relief in state court because *Shinn* "pull[ed] the rug out from underneath her by clarifying the controlling caselaw and prevent[ing] the federal courts from considering her newly developed facts supporting the merits of her [ineffective assistance of trial counsel] claims." Thus, Row contends that *Shinn* constituted a "triggering event" that restarted the 42-day time for filing a petition for post-conviction relief in state court.

As this Court explained in *Creech 2024*, while *Shinn* modified federal habeas procedure, it "has no bearing on state statutes, including Idaho Code section 19-2719, that establish a statute of limitations for bringing [ineffective assistance of counsel] claims." *Creech 2024*, 173 Idaho at 468, 543 P.3d at 498 (citing *Hairston v. State*, 167 Idaho 462, 465–66, 472 P.3d 44, 47–48 (2020)). While a United States Supreme Court decision that "adopt[s] a new or broadened interpretation of the United States Constitution that binds state courts" may act as a triggering event in certain circumstances, *Shinn* did nothing of the sort. *Id.* Instead, *Shinn* "merely reinforced the primacy of states' proceedings in federal habeas cases[.]" *Id.* Thus, unlike the other instances where this Court recognized that a triggering event had been created, *Shinn* did not "establish new *substantive*

---

[5] *Shinn* still allows for factual development to occur in federal court when the petitioner shows that the claim relies on a new retroactive constitutional rule or that the petitioner exercised due diligence and is advancing a compelling theory of actual innocence. *See, e.g.*, *Shinn*, 596 U.S. 366; *see also Row*, 2023 WL 2744409, at *12–21; 28 U.S.C. § 2254(e)(2).

*grounds . . .* to open the door for [a petitioner] to seek post-conviction relief in state court from [a] decades-old state conviction." *Id.*

This Court's decision in *Creech 2024* is controlling here—*Shinn* did not act as a triggering event that offered a new opportunity for Row to seek post-conviction relief because, as in *Creech 2024*, Row's claim was "already time-barred when *Shinn* was announced, and nothing in *Shinn* resuscitates that claim." *Id.* As a result, *Creech 2024* undermines Row's attempt to now argue to the contrary. Notably, it was under this theory that Row sought post-conviction relief in the district court below. Having determined that *Shinn* does not open a new door to post-conviction relief in state court for Row, we must next consider whether Row's petition is otherwise timely under Idaho Code section 19-2719.

2.  *Alleged ineffective assistance of Row's post-conviction counsel does not excuse her failure to timely raise ineffective assistance of trial counsel claims in her first petition.*

Even lacking a triggering event that would offer her a new opportunity to file a petition for post-conviction relief, Row maintains that this Court should still reverse the district court's summary dismissal of her petition. Row makes the same argument she made in her first successive petition at issue in *Row II*: that this Court should excuse her failure to raise certain ineffective assistance of trial counsel claims in her first post-conviction petition because that failure is attributable to the ineffectiveness of her initial post-conviction counsel. *See Row II*, 135 Idaho at 576, 578, 21 P.3d at 898, 900.

As we noted in *Row II*, Idaho Code section 19-2719 requires capital defendants to "raise all claims for post-conviction relief that are known or reasonably should be known in one post-conviction proceeding filed within forty-two days after the entry of the judgment imposing the death sentence." *Id.* at 576, 21 P.2d at 898. Row did not raise her brain damage-related ineffective assistance of trial counsel claim in her first petition for post-conviction relief. Because that claim reasonably could have been known at the time of her first petition, the time limitations in Idaho Code section 19-2719 bar her from bringing such a claim in a successive petition. *See id.* However, Row once again contends that because her first post-conviction counsel were ineffective, this excuses her failure to timely raise the brain damage claim in her first petition. She claims that this, in turn, should allow her to raise the brain damage-related claim for the first time in a successive petition for post-conviction relief.

As noted, we addressed this precise issue in *Row II*. There, this Court determined that Row's brain damage claims were waived pursuant to the time limitations of Idaho Code section

11

19-2719. *Row II*, 135 Idaho at 578, 21 P.3d at 900. This was because Row failed to show that her claims that her trial counsel were ineffective "were not known and could not reasonably have been known at the time she filed her first petition for post-conviction relief." *Id.* Moreover, this Court held that any ineffective assistance of her post-conviction counsel did not excuse her failure to raise those claims in her first petition for post-conviction relief. *Row II*, 135 Idaho at 578, 580, 21 P.3d at 900, 902. Additionally, this Court held that "the ineffectiveness of counsel in a prior post-conviction proceeding is not a ground for relief in a subsequent post-conviction proceeding." *Id.* at 578, 21 P.3d at 900.

Nearly three decades later, Row now asks this Court to revisit her same arguments but reach a different result. According to Row, even if *Shinn* did not constitute a triggering event, the fact that it substantially narrowed her path to federal habeas relief at least warrants a reexamination of Idaho's capital post-conviction procedures. Row points to the preliminary findings of the federal district court, asserting that she was on the verge of obtaining relief. *Row*, 591 F. Supp. 3d at 875–76. Yet, because *Shinn* required the federal district court to disregard the evidence it relied upon to reach its preliminary decision, it was unable to ultimately grant Row the relief it thought she might be entitled to receive. *Row*, 2023 WL 2744409, at *29. In light of these unique events, Row asks this Court to reach a different conclusion this time around and conclude that the ineffectiveness of her post-conviction counsel excuses her failure to raise her brain damage claims in her first petition for post-conviction relief.

Row's argument is unavailing. We have consistently held that ineffective assistance of post-conviction counsel during the first post-conviction proceedings does not excuse a petitioner's failure to raise issues that were known, or reasonably could have been known, at the time of judgment. *See McKinney*, 133 Idaho at 704, 992 P.2d at 153 ("Ineffective assistance of counsel in [a petitioner's] first post-conviction proceeding does not excuse his failure to raise issues that should reasonably have been known."). As previously noted, we have made clear that "[i]neffective assistance of [trial] counsel is one of those claims that should be reasonably known immediately upon the completion of the trial and can be raised in a post-conviction proceeding." *Rhoades*, 120 Idaho at 807, 820 P.2d at 677 (footnote omitted); *see also Pizzuto v. State*, 127 Idaho 469, 472, 903 P.2d 58, 61 (1995) ("A claim of ineffective assistance of counsel is also one that should reasonably be known immediately upon the completion of trial."). Because an ineffective assistance of trial counsel claim could reasonably be known within 42 days of the judgment, a

defendant who fails to assert such a claim in her first petition has waived it. The *only* exception to the waiver rule is "where the petitioner can demonstrate that the issues raised were not known or could not reasonably have been known within the 42-day time frame." *McKinney*, 133 Idaho at 701, 992 P.2d at 150; I.C. § 19-2719(3)–(5). Nothing about *Shinn* changes that result.

This Court has repeatedly confirmed that the special appellate and post-conviction procedures enacted by the Idaho Legislature are constitutional. *See Pizzuto v. State*, 149 Idaho 155, 165, 233 P.3d 86, 96 (2010) (stating it is "settled" that Idaho Code section 19-2719 does not violate the Due Process Clause of the United States and Idaho Constitutions). The Ninth Circuit Court of Appeals has also upheld Idaho's post-conviction procedures. *See Rhoades v. Henry*, 611 F.3d 1133 (9th Cir. 2010) (affirming the constitutionality of Idaho Code section 19-2719, provided new counsel are appointed to pursue the ineffective assistance of counsel claims, as addressed in *Hoffman v. Arave*, 236 F.3d 523 (9th Cir.2001)). As we noted in *Creech 2024*, "*Shinn* has no bearing on state statutes, including Idaho Code section 19-2719, that establish a statute of limitations for bringing [ineffective assistance of counsel] claims." *Creech 2024*, 173 Idaho at 468, 543 P.3d at 498 (citation omitted). In other words, *Shinn* did not affect the well-established constitutionality of Idaho Code section 19-2719.

When considering Idaho's post-conviction procedures, they should be viewed with an eye towards their broader context. The United States Supreme Court has repeatedly held that criminal defendants do not have a constitutional right to collaterally attack a final judgment of conviction in the first instance. *See Pennsylvania v. Finley*, 481 U.S. 551, 557 (1987) ("States have no obligation to provide" the "avenue of [post-conviction] relief" to criminal defendants.); *Murray v. Giarratano*, 492 U.S. 1, 10 (1989) ("State collateral proceedings are not constitutionally required as an adjunct to the state criminal proceedings and serve a different and more limited purpose than either the trial or appeal."); *United States v. MacCollom*, 426 U.S. 317, 323 (1976). However, if a state chooses to offer the avenue of post-conviction relief to criminal defendants, the state has "substantial discretion to develop and implement [those] programs to aid prisoners seeking to secure postconviction review." *Finley*, 481 U.S. at 559. State post-conviction procedures run afoul of the federal constitution "only if they are fundamentally inadequate to vindicate the substantive rights provided." *Dist. Att'y Off. for Third Jud. Dist. v. Osborne*, 557 U.S. 52, 69 (2009).

The Idaho Legislature has opted to provide capital defendants with an avenue to seek post-conviction relief. *See* I.C. § 19-2719. Capital defendants are also provided new post-conviction

13

counsel upon imposition of a sentence of death under Idaho Criminal Rule 44.2. However, in developing and implementing these post-conviction procedures, the legislature unambiguously provided only *one opportunity* for capital defendants to raise post-conviction claims that are known or reasonably could have been known at the time of the petition. I.C. § 19-2719(3)–(5). If a capital defendant fails to raise those issues, they are waived and their claims become time-barred by the 42-day limitation in Idaho Code section 19-2719. *Id.* The Idaho Legislature's decision to place a time limitation on the ability of capital defendants to bring those claims was well within its authority and discretion. *See Finley*, 481 U.S. at 559. As we have repeatedly held, the fact that a capital defendant's post-conviction counsel may have been ineffective by failing to raise certain claims does not expand the limited exception in Idaho Code section 19-2719 to bring a successive petition for post-conviction relief. *McKinney*, 133 Idaho at 703, 992 P.2d at 152; *Creech 2024*, 173 Idaho at 468–69, 543 P.3d at 498–99.

Row has not provided any compelling reason why this Court should reconsider its prior decision in *Row II*. The fact that a federal district court may have made a "preliminary" ruling[6] favorable to a federal habeas claim Row was attempting to assert is neither determinative of the issue presented here nor is it controlling on this Court. In fact, this would be antithetical to the underlying premise of the United States Supreme Court's holding in *Shinn*, which reinforced the primacy of state courts in such matters. *See Creech 2024*, 173 Idaho at 468, 543 P.3d at 498.

This definitively resolves the issue here. Although Idaho has chosen to provide capital defendants the opportunity to seek post-conviction relief, it has done so in a very specific and tailored manner. Row took advantage of this opportunity and sought post-conviction relief in 1994. This Court ultimately reviewed and ruled on those claims—the same claims she now wishes to raise again—when she properly raised them in her first petition. *Row II*, 135 Idaho at 578, 21 P.3d at 900. Any claims that Row failed to bring in that first petition have now been waived. Under Idaho's special appellate and post-conviction procedures, Row cannot revive those claims 30 years

---

[6] The parties argue over the correct characterization of the district court's preliminary ruling: Row contends that it was more akin to an adjudication of her habeas claim "on the merits," while the State maintains that it was merely preliminary and did not reach the "merits issue." This Court granted Row's motion to file a supplemental brief and allowed the State to file a response brief on this issue. This Court also took judicial notice of documents from Row's case in the federal district court at the request of each party. Based on our review, it is clear that the district court's ruling was in fact "preliminary," which is how the district court itself described its ruling. Ultimately, however, we characterize that the district court's preliminary ruling does not affect the outcome of this appeal. It is undisputed that the federal district court ultimately denied habeas relief to Row. More importantly, Row's petition for post-conviction relief at issue here was still untimely, as we explain.

later, as they do not fit under any of the exceptions for bringing a successive post-conviction petition set forth in Idaho Code section 19-2719.

> 3. *Our holding in* Hall v. State *did not provide capital defendants with a right to effective post-conviction counsel; thus, it creates no conflict with Idaho Code section 19-2719.*

In apparent recognition that our caselaw is incompatible with the relief she is seeking, Row takes a different tack by arguing that our caselaw applying Idaho Code section 19-2719 irreconcilably conflicts with this Court's decision in *Hall v. State*, 155 Idaho 610, 315 P.3d 798 (2013). In *Hall*, this Court held that Idaho Criminal Rule 44.2 provides capital defendants with the right to "*conflict-free*" post-conviction counsel. *Id.* at 617, 315 P.3d at 805. Row argues that, by implication, *Hall* additionally stands for the proposition that capital defendants are also provided with the right to *effective* post-conviction counsel under Rule 44.2; thus, she must be allowed to vindicate that right in a successive post-conviction petition. Citing *Marbury v. Madison*, 5 U.S. 137, 147 (1803), she claims that she would have no remedy for a violation of her right to effective post-conviction counsel, in contravention of the principle that "every right, when withheld, must have a remedy[.]"

Row's arguments are not availing. In the first instance, Row is mistaken in asserting that *Hall* provides capital defendants with the right to effective assistance of post-conviction counsel. In *Hall*, this Court was presented with an unusual circumstance: an *interlocutory appeal* of the district court's decision to appoint an independent counsel to investigate a potential conflict of interest held by Hall's post-conviction counsel, the State Appellate Public Defender ("SAPD"). *Hall*, 155 Idaho at 613–14, 315 P.3d at 801–02. We determined that the district court erred, as its "duty to inquire" was not triggered by the facts of the alleged conflict. *Id.* at 619, 315 P.3d at 807. In other words, there was insufficient evidence to "indicate the existence of a conflict." *Id.* However, if the court's duty to inquire had been triggered, we indicated that it was to proceed in a manner consistent with a Sixth Amendment framework for dealing with the alleged conflict of interest. *Id.* at 617, 315 P.3d at 805. Importantly, this Court never addressed or even considered the contention that Rule 44.2 provided Hall the right to *effective* post-conviction counsel.

Consequently, while we have indicated that district courts should follow a certain procedure for appointing post-conviction counsel that avoids conflicts of interest, we have never made the separate and distinct holding that capital defendants have a right to effective assistance of post-conviction counsel under Rule 44.2. We decline to do so now. *See, e.g.*, *Frazier v. State*, 303 S.W.3d 674 (Tenn. 2010) (recognizing that post-conviction petitioners enjoy the statutory

right to conflict free counsel, but not effective counsel); *People v. Hardin*, 840 N.E.2d 1205 (Ill. 2005).

We view *Hall*'s holding as being limited to the unique facts presented in that case. Importantly, the time limitations in Idaho Code section 19-2719 were not at issue in *Hall*. Instead, the case concerned Hall's first post-conviction petition and was an *interlocutory appeal* regarding the district court's order appointing independent counsel to investigate a potential conflict. *Hall*, 155 Idaho at 613–14, 315 P.3d at 801–02. For that reason, the petition in *Hall* did not run up against Idaho Code section 19-2719's time limitations or its limited exception for successive petitions. Put simply, the time limitations in Idaho Code section 19-2719 were not implicated by Hall's petition or his subsequent appeal.

In attempting to interpret *Hall* as providing a right to effective post-conviction counsel, Row maintains that this Court, perhaps unwittingly, created a new exception to the strict time limitation of Idaho Code section 19-2719. However, such an implicit ruling would have been completely unrelated to the facts in *Hall* and clearly uncontemplated by the Court's reasoning. Row further contends that *Hall* demonstrates a conflict between Idaho Criminal Rule 44.2 and Idaho Code section 19-2719 such that it creates an exception to Idaho Code section 19-2719. However, we see no conflict between *Hall* and Idaho Criminal Rule 44.2, nor do we view it as creating a new exception to Idaho Code section 19-2719's time limitations.

This result comports with the longstanding principle that "the ineffectiveness of counsel in a prior post-conviction proceeding is not a ground for relief in a subsequent post-conviction proceeding." *Row II*, 135 Idaho at 578, 21 P.3d at 900. This is because the UPCPA and Idaho Code section 19-2719 limit the grounds on which a petitioner may seek post-conviction relief to a "challenge to the *sentence* or the *conviction*." *Lee v. State*, 122 Idaho 196, 198, 832 P.2d 1131, 1133 (1992) (referencing I.C. § 19-4901(a)); *see also* I.C. § 19-2719(3)–(5). As a result, "[t]here is simply no ground for post-conviction relief that provides for a challenge to the effectiveness of counsel in the appeal stage from the first petition for post-conviction relief." *Lee*, 122 Idaho at 198, 832 P.2d at 1133; *see also McKinney*, 133 Idaho at 703, 992 P.2d at 152 (noting that the "ineffectiveness of post-conviction counsel is not an independent ground for a subsequent post-conviction proceeding," in the context of Idaho Code section 19-2719). We are not alone in reaching this conclusion. *See, e.g.*, *Winfield v. State*, 93 S.W.3d 732, 738 (Mo. 2002) (en banc) (holding that a post-conviction claim for effective assistance of counsel "is not reviewable, nor

cognizable on appeal."); *House v. State*, 911 S.W.2d 705, 712 (Tenn. 1995) ("[A] claim of ineffective assistance of counsel in a previous post-conviction proceeding is not cognizable as a basis for relief in a subsequent post-conviction action."); *State v. Mata*, 916 P.2d 1035, 1052 (Ariz. 1996) (in banc) (same); *Medina v. State*, 573 So. 2d 293, 295 (Fla. 1990) (same).

In sum, Row cannot raise the ineffective assistance of post-conviction counsel as a ground for relief in a subsequent petition. This case, which concerns a sixth successive petition for post-conviction relief, clearly demonstrates the reason for such a rule. If such a right existed, it would result in a perpetual cycle of successive petitions every time an earlier petition failed to afford relief—a result that Idaho Code section 19-2719 clearly intended to avoid.

4. *Row's remaining constitutional claims are unavailing.*

Next, Row presents another direct challenge to the constitutionality of Idaho Code section 19-2719, asserting that "if Idaho Code [section] 19-2719 prevents Idaho courts from reviewing violations of her [right] to counsel, then the statute is unconstitutional." Essentially, she maintains that if there is a scenario where any of her meritorious claims are barred by statute, then the statute must be an "unconstitutional impediment to the vindication of [her] constitutional and statutory rights," which violates "basic due process principles." For this reason, Row asserts that the statute violates her constitutional right to due process.

This assertion is mistaken. The time limitations in Idaho Code section 19-2719 simply sets forth the timeframe in which post-conviction claims may be brought. Such filing deadlines are not an assault on due process—they are simply a statute of limitations. *See Stuart v. State*, 149 Idaho 35, 42, 232 P.3d 813, 820 (2010) (holding that Idaho Code section 19-2719 acts as a statute of limitations). The legislature may permissibly enact statutes of limitations that restrict the time within which legal proceedings may be initiated; this practice is commonplace, both as to civil and criminal actions. *See id.* ("It is well-established that the legislature may establish statutes of limitations" in the criminal context.); *Olsen v. J.A. Freeman Co.*, 117 Idaho 706, 717, 791 P.2d 1285, 1296 (1990) ("A statute placing limitations on remedies does not contradict the provision of the Idaho Constitution that courts of justice shall be open to every person and a speedy remedy afforded for every injury of person.").

Further, Row's contention that Idaho Code section 19-2719 is unconstitutional simply because it is an "impediment to the vindication" of her rights cannot be true, lest any procedural bar would run afoul of the Constitution. Indeed, procedural bars, such as statutes of limitations,

necessarily have the potential to prevent otherwise meritorious claims from being heard. This simply "reflects a value judgment concerning the point at which the interests in favor of protecting valid claims are outweighed by the interests in prohibiting the prosecution of stale ones." *Johnson v. Ry. Express Agency, Inc.*, 421 U.S. 454, 463–64 (1975). The mere fact that Row may believe she has a meritorious claim does not render Idaho Code section 19-2719 unconstitutional as a matter of law. As noted above, this Court and the Ninth Circuit have repeatedly confirmed the constitutionality of the procedures in Idaho Code section 19-2719. *Pizzuto v. State*, 149 Idaho 155, 165, 233 P.3d 86, 96 (2010) (stating it is "settled" that Idaho Code section 19-2719 does not violate the Due Process Clause of the United States and Idaho Constitutions); *see also Hoffman v. Arave*, 236 F.3d 523, 526 (9th Cir. 2001); *Rhoades v. Henry*, 611 F.3d 1133, 1144 (9th Cir. 2010).

Row's remaining arguments are similarly unavailing. Row argues that her due process rights were violated because she did not receive "a meaningful opportunity to present all legal and factual challenges to her conviction and death sentence." However, there is no doubt that she received a meaningful opportunity to present all challenges to her conviction and sentence because she had 42 days to file a direct appeal and a petition for post-conviction relief, both of which she timely filed. The fact that her post-conviction petition did not raise certain claims she now wishes to raise does not mean she was *deprived of the opportunity*; rather, it simply means that she chose not to take advantage of that opportunity. Importantly, this Court has already determined that the timeframe provided in Idaho Code section 19-2719 complies with due process:

> The legislature has seen fit to appropriately limit the time frame within which to bring challenges which are known or which reasonably should be known. The process encompassed in [Idaho Code section] 19-2719 providing for review by the trial court and then this Court, provides adequate opportunity to present the issues raised and to have them adequately reviewed. Therefore, [Idaho Code section] 19-2719 is not unconstitutional under due process analysis.

*State v. Rhoades*, 120 Idaho 795, 807, 820 P.2d 665, 677 (1991).

In her opening brief, Row also contended that the Idaho Constitution provides a broader right to counsel than the Sixth Amendment to the United States Constitution—one that is coupled with "a less onerous burden of proving a violation of that right." However, we explicitly rejected this same claim in *Creech 2024*: "To the extent that it was unclear before, we reiterate now: the right to effective assistance of counsel under the Idaho Constitution is equivalent to the applicable Sixth Amendment standard under the United States Constitution set forth in [*Strickland v. Washington*, 466 U.S. 668 (1984)]." 173 Idaho at 470, 543 P.3d at 500. For this reason, we reaffirm

our decision in *Creech 2024* and reject Row's argument that the Idaho Constitution provides a broader right to counsel than the Sixth Amendment.

Lastly, Row argues that Idaho Code section 19-2719 "unconstitutionally and improperly limits the jurisdiction of Idaho courts." The Idaho Constitution provides that:

> The legislature shall have no power to deprive the judicial department of any power or jurisdiction which rightly pertains to it as a coordinate department of the government; but the legislature shall provide a proper system of appeals, and regulate by law, when necessary, the methods of proceeding in the exercise of their powers of all the courts below the Supreme Court, so far as the same may be done without conflict with this Constitution[.]

Idaho Const. art. V, § 13. Row contends that the statute violates the separation of powers doctrine by limiting the jurisdiction of the courts of Idaho to hear her claim. Row relies on language used by the district court when dismissing her petition, noting that it referenced its power to hear such a claim: "the district court cited the statute as a 'bar' to the court's 'authority' to review the merits of [Row's] claims, and concluded it had 'no power' to provide [her] a forum to raise her claims."

This Court has previously rejected the notion that Idaho Code section 19-2719 is a jurisdictional statute, instead determining that it is a statute of limitations:

> [I]t is properly within the power of the legislature to establish statutes of limitations, statutes of repose, create new causes of action, and otherwise modify the common law without violating separation of powers principles, it necessarily follows that the legislature also has the power to limit remedies available to plaintiffs without violating the separation of powers doctrine.

*Stuart*, 149 Idaho at 45, 232 P.3d at 823 (alteration in original) (quoting *Kirkland v. Blaine Cnty. Med. Ctr.*, 134 Idaho 464, 471, 4 P.3d 1115, 1122 (2000)). This Court has also repeatedly noted that statutes of limitations are not jurisdictional in nature. *Id.* "Because [Idaho Code section] 19-2719 is a statute of limitations rather than a jurisdictional bar, we find that [Idaho Code section] 19-2719(5) does not violate the Idaho Constitution's separation of powers provisions." *Id.*

We decline Row's invitation to overturn our prior holdings and instead reaffirm our longstanding interpretation of Idaho Code section 19-2719 as a statute of limitations, not a jurisdictional bar. This Court's holding in *Stuart* is consistent with its treatment of other statutes of limitations and its other decisions regarding the separation of powers doctrine. Although the district court used language such as "power" and "authority" when referring to the waiver provisions of the statute, this does not alter the fact that it operates as a statute of limitations, a notion that we made clear in *Stuart*. *Id.* at 42, 232 P.3d at 820. For these reasons, we conclude that

Row's claims are untimely under Idaho Code section 19-2719. By failing to raise these claims in her first post-conviction petition, Row has waived them.

## IV. CONCLUSION

Idaho law prohibits Row from raising ineffective assistance of trial counsel claims in a sixth petition for post-conviction relief filed more than 30 years after she failed to raise those claims in her initial post-conviction petition. Recent changes in federal habeas laws stemming from the United States Supreme Court's decision in *Shinn* do not alter this conclusion. While *Shinn* reaffirmed the primacy of state evidentiary proceedings, it did not open a door for Row to reassert claims that were considered and rejected by this Court years ago.

For all these reasons, we affirm the district court's summary dismissal of Row's petition for post-conviction relief.

Chief Justice BEVAN, and Justices Brody and Meyer and Burdick, J. Pro Tem, CONCUR.